*247 OPINION.
Lansdon:
The sole issue for consideration here is the correct deduction from gross income to which the petitioner is entitled in its income and profits-tax returns for each of the taxable years on account of exhaustion, wear and tear of tangible assets used in its business. In the computation of the amounts to be so deducted, the petitioner and the respondent differ — (1) as to the proper method of depreciating assets added by purchase during each of the years in question; (2) on the value and term of usefulness of plant assets that have a normal, useful life of less than ten years; and (3) on the method of computing depreciation of plant assets with a normal useful life in excess of ten years. The petitioner now admits that the average value of plant additions made during any given year, or one-half the total cost thereof for such year, is the proper basis for computing depreciation on annual additions to plant assets. This admission leaves only two phases of the controversy for our consideration.
The petitioner constructed its plant and assembled its logging equipment during and immediately subsequent to the World War. At the time it was difficult, and, as to many items, impossible to secure new machinery. Consequently, a large amount of secondhand equipment, much of it unsuitable for the heavy duty required by the nature of the timber to be logged and manufactured, was purchased and installed. Much of the equipment acquired in 1918 and 1919 had a useful life of less than ten years. We are also convinced by *248 the evidence adduced by the petitioner that its lists of assets with a useful life of less than ten years and its computations of depreciation thereon, as reported in its income and profits-tax returns for the years 1918 and 1919, are substantially correct, and, on this point, we sustain the contention of the petitioner.
The most important question for our consideration is whether the plant assets owned by the petitioner during the taxable years should be depreciated for income and profits-tax purposes on the basis of their normal useful life or on that of their alleged economic usefulness which the petitioner contends is, by the terms of its timber sale agreement with the Department of Agriculture, limited to eleven years from July 1, 1918.
It appears from the evidence that the timber sale agreement contained a provision for extension of time for cutting the timber thereby acquired if conditions warranted such change; that there was a considerable supply of logs and timber privately owned that was available for the operations of the petitioner and that in the taxable years it purchased substantial quantities of such raw materials; that there was much privately owned timberland within a profitable operating radius of the petitioner’s plant; and that there were also large supplies of Government-owned timber within profitable operating distance of the plant, and that the petitioner was advised that such timber was available on the conditions imposed by the Department of Agriculture. The petitioner installed mills and equipment at a cost of more than one million dollars. It is fair to assume that men experienced in logging and manufacturing lumber must have believed that there was a reasonable prospect for securing timber during the normal life of a plant of such cost. To be entitled to recover the entire cost of its plant during the term of its contract with the Government, the petitioner must show that there was a practical certainty that it could not use its assets for the purposes of its business after the expiration of such contract. Appeal of Eimer & Amend, 2 B. T. A. 603. We are of the opinion that it has not sustained the burden of proof necessary to show that there would be no raw material available for its purpose at the termination of its original contract with the Government.
Having decided that the allowances for depreciation of its plant assets should not include obsolescence determined by the terms of the timber sale agreement, it follows that whatever allowances the petitioner is entitled to take on account of depreciation are matters of fact to be established by evidence. We have made a careful study of the testimony adduced at the hearing and we are of the opinion that the assets had a normal, useful life as set forth in our findings of fact.
*249 Depreciation should be recomputed on the basis of our findings in conformity with this opinion.
Judgment will be entered on %0 days’ notice, under Rule 50.